Rattan Dev S. Dhaliwal [SBN 177318]
Aliah A. Abdo [SBN 260341]
Jonathan K. Yung [SBN 294933]
DHALIWAL LAW GROUP, INC.
2005 De La Cruz Boulevard, Suite 185
Santa Clara, California 95050
Telephone: (408) 988-7722
Facsimile: (408) 988-3345
Email: rattan@attorneydhaliwal.com
Email: aabdo@attorneydhaliwal.com

Attorney for Plaintiffs,
Anival Dimas and Julia Z. Lopez.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANIVAL DIMAS, an individual; JULIA Z. LOPEZ, an individual,<br><br>  Plaintiffs,<br><br>  v.<br><br>JP MORGAN CHASE BANK, N.A.; and DOES 1-20, inclusive.<br><br>  Defendants. | Case. No.: 5:17-CV-05205-SVK<br><br>**OBJECTION TO DEEFNDANT JPMORGAN CHASE BANK, N.A.'S REQUEST FOR JUDICIAL NOTICE** |

Plaintiffs, ANIVAL DIMAS ("DIMAS") and JULIA Z. LOPEZ ("LOPEZ" and collectively "Plaintiffs"), hereby object to Defendant JPMorgan Chase Bank, N.A.'s ("CHASE") request for judicial notice of certain documents.

## I. JUDICIAL NOTICE

Defendant requests that the Court take judicial notice pursuant to Federal Rules of Evidence §§201(b), 201(c), and 201(d) of four recorded Deed of Trusts, one Substitution of Trustee document, one Purchase and Assumption Agreement, Default, two Trustee's Deed Upon Sale documents, and one copy of a PACER Case Locator search.  While Plaintiffs acknowledge that at least some of the documents were recorded in the Santa Clara County Recorder's Office, Plaintiffs find it would be highly prejudicial if such documents were judicially noticed because many of the facts contained therein are in dispute.

### A.   **The Facts Contained in the Recorded Documents are Disputed.**

Under Federal Rules of Evidence §201(b), a judicially noticed fact must be one "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."   This is not the case in the matter at hand as Plaintiff disputes many of the facts contained in the documents.  Such discrepancies in the documents include, for example, the following:

1. Purchase and Assumption Agreement is not recorded, nor is it authenticated.  No evidence that shows it as the operative agreement;

2. The PACER Case Locator Search lacks a supporting declaration;

3. Random out of place signatures and crossed out dates (*e.g.*, Trustee's Deed Upon Sale at Defendant's Exhibit "5");

4.  Name misspellings throughout the documents;

5. Various handwritten notations without explanation or authentication; and

6. Missing documents.

| *Dimas v. Chase, et al.* | **OBJECTION TO REQUEST FOR JUDICIAL NOTICE** | 1 |

Because of such discrepancies, Defendant cannot show that these are undisputed matters "generally known" or matters "capable of accurate and ready determination" to be judicially noticed by the Court. Even if they were, judicial notice is not proper for documents in the county recorder's office.

### A. Judicial Notice Not Proper for Documents in the County Recorder's Office.

Judicial notice is not proper for documents recorded in a county recorder's office. In *Blake v. Cavins*, 185 P. 374, 378 (1919), the Court found that a court "does not even take judicial knowledge of records in the recorder's office" because the "authenticity of such records must be established by competent evidence." Similarly, in *Murphey v. Gray*, 327 P.2d 751, 756 (1958), the Court decided the issue of whether a date of a deed in a document in a county recorder's office could be judicially noticed. The Court similarly held that a court does not take judicial notice of records in the county recorder's office. *See also Holbrook v. Carter*, 19 Utah 2d 288, 290 (1967) (finding that facts recited in entries made in the official records of county recorders are not matters of judicial knowledge); *Music Service Corp. v. Walton*, 432 P.2d 334 (1967) (declining to take judicial notice of entries made in the records of county recorders). Thus, the recorded documents are not subject to judicial notice by the Court.

### B. Judicial Notice Limited to Existence of Documents and Not Facts Contained Therein.

Plaintiffs recognize that some of the documents were recorded, but the facts contained within such documents should not be judicially recognized. Furthermore, the Purchase and Assumption Agreement and the PACER Case Locator entry are not recorded and are not authenticated. Even if the Court were to take judicial notice of the recorded documents, this notice would be limited to the existence of statements in the documents, not the truth of the statements contained therein. *See United States v. Garland*, 991 F.2d 328, 332 (6th Cir. 1993) (finding that judicial notice of "its existence as an official statement usable in evidence of the facts stated… [but not] the truth of the statements"); *United States v. Aluminum Co. of America*, 148 F.2d 416, 446 (2d Cir. 1945) (taking judicial notice of a congressional committee report as evidence of the facts stated, but not the truth of the statements); *Liberty Mutual Ins. Co. v.*

*Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388-89 (2d Cir. 1992) (finding that it is proper for a court to take judicial notice of the existence of a factual finding, but not the truth of the factual finding themselves); *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) (citing *United States ex rel. Geisler v. Walters*, 510 F.2d 887, 890 (3d Cir. 1975) (stating that a court may take judicial notice of a document "not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings."); *E.I. du Point de Nemours & Co. v. Cullen*, 791 F.2d 5 (1st Cir. 1986) (taking judicial notice of a complaint that had been filed to ascertain the legal nature of the claim but not to support any factual determination); *Inwood Lab., Inc. v. Ives Lab., Inc.*, 456 U.S. 844 (1982) (taking judicial notice of several indictments simply to establish that such indictments had in fact been returned, but express[ed] no opinion as to the guilt or innocence of those indicted.).  Thus, judicial recognition of the factual contents of the documents is not proper. Actually, it would be highly problematic with regards to the recorded documents as there is a lot of conflicting information within the documents themselves as shown above.

## II. THE DOCUMENTS ARE NOT AUTHENTICATED

Federal Rule of Evidence §901 states that the requirement of authentication "as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what the proponent claims." Federal Rule of Evidence §902(4) discusses the requirements for authentication of public records and in order to public records to be authenticated.  For a public document to be authenticated, it must be properly certified. Fed. R. Evid. §902(4). That is not the case here.

Although some of the documents are notarized, Defendant did not submit any declarations or any other evidence verifying the authenticity of such documents.  Thus, the documents are not properly authenticated and should not be judicially noticed.

## III. THE DOCUMENTS CONSTITUTE HEARSAY

Federal Rule of Evidence §802 discusses the inadmissibility of hearsay.  Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. §801(c).  The recorded

DHALIWAL LAW GROUP, INC.
2005 DE LA CRUZ BOULEVARD, SUITE 185
SANTA CLARA, CALIFORNIA 95050
TELEPHONE: (408) 988-7722 / FACSIMILE: (408) 988-3345

| *Dimas v. Chase, et al.* | **OBJECTION TO REQUEST FOR JUDICIAL NOTICE** | 3 |

documents Defendant are requesting the Court to take judicial notice of constitute hearsay and should certainly not be judicially noticed. Furthermore, the documents do not meet any of the exceptions to the hearsay rule.

Federal Rule of Evidence §803 covers exceptions to the hearsay rule including the §803(15) exception for statements in documents affecting an interest in property. The exception states:

> A statement contained in a document purporting to establish or affect an interest in property if the matter sated was relevant to the purpose of the document, unless dealings with the property since the document was made have been inconsistent with the truth of the statement or the purport of the document.

This section does not apply because of the inconsistencies with regards to the matters contained in the documents as described above. There are serious questions regarding the validity of such documents and thus, they should not be considered evidence of the facts raised by CHASE in its Motion.

### IV.  CONCLUSION

The Court should not grant Defendant's request for judicial notice because there is dispute as to the accuracy of the factual contents of the recorded documents, there is case law showing that judicial notice is not proper for documents in the county recorder's office, and even if it were proper, judicial notice would be limited to the existence of the documents, not the facts contained therein.  In addition, there is a complete lack of authentication of the documents and the documents constitute hearsay.  Thus, this Court should deny Defendant's request except as limited to the recording of the documents.

Dated: October 30, 2017                    **DHALIWAL LAW GROUP, INC.**


By: ___/S/_ *Jonathan K. Yung*_____
     Rattan Dev S. Dhaliwal, Esq.
     Aliah A. Abdo, Esq.
     Jonathan K. Yung, Esq.
     Attorneys for Plaintiffs, Anival Dimas and
     Julia Z. Lopez