JOHN M. SORICH (CA Bar No. 125223)
John.Sorich@piblaw.com
MARIEL A. GERLT-FERRARO (CA Bar No. 251119)
mariel.gerlt-ferraro@piblaw.com
DAVID M. LIU (CA Bar No. 216311)
David.Liu@piblaw.com
Parker Ibrahim & Berg LLC
695 Town Center Drive, 16th Floor
Costa Mesa, California 92626
Tel: (714) 361-9550
Fax: (714) 784-4190

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANIVAL DIMAS, an individual; JULIA Z. LOPEZ, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A.; and DOES 1-20, inclusive,<br><br>Defendants. | CASE NO.: 5:17-cv-05205-SVK<br><br>JUDGE: U.S. District Judge Lucy H. Koh<br><br>**DEFENDANT JPMORGAN CHASE BANK, N.A.'S RESPONSE TO PLAINTIFFS' OBJECTION TO REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS**<br><br>DATE: February 8, 2018<br>TIME: 1:30 p.m.<br>CRTM: 8 – 4TH Floor<br><br>**ACTION FILED:** July 7, 2017<br>**REMOVED:** September 7, 2017 |

**TO THE HONORABLE COURT AND TO PARTIES AND ATTORNEYS OF RECORD:**

Defendant JPMorgan Chase Bank, N.A. ("Chase" or "Defendant"), hereby provides the following response to Plaintiffs Anival Dimas and Julia Z. Lopez's ("Plaintiffs") Objection to Chase's Request for Judicial Notice ("RJN") in connection with its motion to dismiss under Federal Rules of Civil Procedure, Rule 12(b)(6).

Plaintiffs generally object to all documents encompassed by Chase's RJN because the facts contained in the documents are in dispute or alternatively because judicial notice is "not proper for documents recorded in a county recorder's office." *See,* Opp. to RJN at 1:5-11, 2:6-15. Plaintiffs' objections are overly broad or are based on case law that is inapplicable and should be overruled for the reasons set forth herein.

## I.  THE REQUESTS FOR JUDICIAL NOTICE ARE APPROPRIATE

Chase has requested this Court take judicial notice of the itemized documents to the extent permitted under the Federal Rules of Evidence as well as relevant case authority in the Ninth Circuit. Chase has not requested judicial notice outside of such constraints and Plaintiffs' assertions to the contrary are unsupported.

Federal Rule of Evidence 201 authorizes a court to take judicial notice of facts that are "not subject to reasonable dispute" and "either (1) are generally known within the territorial jurisdiction for the trial court or (2) are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questions." Fed. R. Evid., Rule 201. Judicial notice is mandatory if it is "requested by a party and [the Court is] supplied with the necessary information." *id.*

### A.  The Recorded Instruments Are Proper Subjects for Judicial Notice

Plaintiffs challenge the documents Chase has requested judicial notice of by stating that the facts contained in some the documents are disputed and thus not appropriate for judicial notice. Opp. at 1:9-11. Plaintiffs specifically object to judicial notice being taken of Exhibits 1-3, 5, and 7-9 notwithstanding that said Exhibits are on file with the County Recorder for Santa Clara. Plaintiffs provide no authority in support other than reciting Federal Rule of Evidence § 201 and stating that the documents include "discrepancies." Opp. at 13-27. The Court may take judicial notice of "matters of public record" pursuant to Federal Rule of Evidence § 201. *Lee v. City of Los Angeles,* (9th Cir. 2001) 250 F.3d 668, 689. Matters contained in public records are considered appropriate subjects for judicial notice. *Santa Monica Food not Bombs v. City of Santa Monica,* (9th Cir. 2006) 450 F. 3d 1022, 1025. Indeed, courts routinely take judicial notice of official records filed with the county recorder, including notices of deeds of trust, trustee's deeds upon sale, and notices of defaults. *See, e.g., Rosal v. First Fed. Bank of Cal.*, 671 F.Supp.2d 1111, 1120 (N.D. Cal. 2009);

*Hotel Emps. & Rest. Emps. Local 2 v. Vista Inn Mgmt. Co.,* 393 F.Supp.2d 972, 977-78 (N.D. Cal. 2005); *W. Fed. Sav. & Loan Ass'n v. Heflin Corp.,* 797 F. Supp 790, 792 (N.D. Cal. 1992). Thus, judicial notice should be taken of the recorded instruments, Exhibits 1-3, 5, and 7-9 challenged by Plaintiffs.

### B. The Purchase and Assumption Agreement Is Also A Proper Subject for Judicial Notice

Plaintiffs also challenge, without authority, Exhibit 4 on the ground that it is a Purchase and Assumption Agreement dated September 25, 2008 (the "PAA") as it is "not recorded, nor… authenticated." Opp. at 1:19-21. Courts are empowered to take judicial notice of court records and other governmental documents. *See, e.g. Allen v. U.Fin. Mortg. Corp,* 660 F.Supp.2d 1089, 1093-94 (N.D. Cal. 2009). The PAA is a government document and is published and publically available from the Federal Deposit Insurance Corporation ("FDIC") online at https://www.fdic.gov/about/freedom/washington_mutual_p_and_a.pdf. The document is a matter of public record and is not subject to reasonable dispute; further, it has been noticed by many courts both state and federal. *See West Park Associates v. Butterfield Sav. & Loan Assn.,* 60 F.3d 1452, 1458 (9th Cir. 1995); *Carswell v. JP Morgan Chase Bank N.A.,* 500 F. App'x 580, 583 (9th Cir. 2012); *see also Carmichael v. Washington Mut. Bank, F.A.,* 508 F. App'x 666 (9th Cir. 2013); *Brooks v. Wash. Mut. Bank,* 2012 U.S. Dist. LEXIS 165287 *1 (N.D. Cal. Nov. 19, 2012)(taking judicial notice of the Purchase and Assumption Agreement between JPMorgan Chase Bank, N.A. and FDIC "because it is a document published by the federal government, a matter of public record, and its accuracy 'cannot reasonably be questions'"); *Scott v. JPMorgan Chase Bank, N.A.* 214 Cal. App. 4th 743, 760-761 (2013); *Saffer v. JP Morgan Chase Bank,* 225 Cal. App. 4th 1239, 1257 (2014). Here, Plaintiffs' challenge to judicially noticing the PAA most closely resembles the logic in *Scott,* a case in which the Court of Appeal held that the "P & A Agreement attached to the request for judicial notice and published to the public on the official FDIC Web site, was not shown by Scott to be subject to reasonable dispute in the trial court." *Scott,* 214 Cal. App. 4th at 761. Like in *Scott*, Plaintiffs have not sufficiently alleged or shown that the PAA is subject to reasonable dispute. The Court should therefore take judicial notice of the PAA.

PARKER IBRAHIM & BERG LLC
COSTA MESA, CA

**C.     The PACER Case Locator Search For The United States Bankruptcy Court Is Also A Proper Subject for Judicial Notice**

Plaintiffs likewise assert that the Court should deny judicial notice of the provided print out of the PACER provided as Exhibit 6 to Chase's RJN. Opp. at 1:21. Courts "may take judicial notice of court filings and other matters of public record." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, (9th Cir. 2006) 442 F.3d 741, 746 n.6 citing *Burbank–Glendale–Pasadena Airport Auth. v. City of Burbank*, (9th Cir.1998) 136 F.3d 1360, 1364. Here, Chase has supplied a print-out of a search for any bankruptcy filings by either of the Plaintiffs. Chase is therefore asking that the Court take judicial notice of the fact that there is no Court record showing Plaintiffs ever filed for bankruptcy protection which is a fact that is not subject to dispute (and if it were, Plaintiffs would have provided their bankruptcy case number rather than baldly asserting that the Court should not take judicial notice). Thus, the Court should take judicial notice of Exhibit 6 or alternatively, of its own court files as to the absence of any bankruptcy filing by Plaintiffs.

**D.     Plaintiffs' Authority Challenging Judicial Notice of Recorded Instruments is Inapplicable**

Plaintiffs also provide several cases supposedly in support of the proposition that the Court should not take judicial notice of documents duly filed in the Santa Clara County Recorder's Office. Opp. at 2:5-16. Chase has already set forth above the breadth of authority in support of judicial notice of recorded instruments, but does address Plaintiffs' authority, purportedly to the contrary. Plaintiffs' authority suggesting the Court should refuse to notice the recorded instruments actually comes from the New Mexico, Utah, and Arizona Supreme Courts and each of the cases is readily distinguishable. In *Blake v. Cavins*, (N.M. 1919) 185 P. 374 the New Mexico Supreme Court, six years after New Mexico was granted statehood, held that the trial court was not permitted to take judicial knowledge that records in the county recorder's office had been destroyed by fire. *Blake v. Cavins*, (N.M. 1919) 185 P. 374, 378. The Cavins Court further opined that if the records, particularly the description of the mining claim at issue, in the county recorder's office were disputed as insufficient to provide proper notice, that they may not be an appropriate subject for judicial knowledge. *Id.* Here, Chase is requesting the Court take judicial notice of various recorded

instruments' existence which is different than asking the Court to assume all facts stated in those instruments are true.  Along similar lines, in *Murphy v. Gray*, (1958) 84 Ariz. 299 (which cited *Cavins*) the Arizona Supreme Court dealt with judicial notice as to the date of deeds where the *contents* and *impact* of the deeds in question were disputed by the parties.  *Murphy v. Gray*, (1958) 84 Ariz. 299, 306.  Finally, *Holbrook v. Carter*, (1958) 19 Utah.2d 288 and *Music Service Corp. v. Walton*, (1967) 20 Utah.2d. 16 are Utah Supreme Court cases holding that the Utah legislature did not provide by statute a means to judicially notice records in the county recorder's office.  Utah has since permitted judicial notice of public records including notes and deeds of trust.  *See, e.g. BMBY, LLC. v. Miller,* (UT Ct. App. 2014) 322 P.3d 1172, 1174-1175 ("we agree with Defendants that the trial court could take judicial notice of the Note as a public record and properly consider it in ruling on the motion to dismiss").  These cases are also therefore distinguishable based on authority in the Ninth Circuit as to each of Chase's documents offered in the RJN.

## II. CONCLUSION

For the foregoing reasons, the Court should take judicial notice of Exhibits 1-9, inclusive, provided by Chase in its RJN.

DATED:  November 6, 2017            PARKER IBRAHIM & BERG LLC

By:   */s/ David M. Liu*
JOHN M. SORICH
BRYANT S. DELGADILLO
MARIEL GERLT-FERRARO
Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

**PROOF OF SERVICE**
**STATE OF CALIFORNIA, COUNTY OF ORANGE**
*Anival Dimas v. JPMorgan Chase N.A. et al.*
U.S. District Court – Northern District of California – Case No. 5:17-cv-005205-SVK
Santa Clara Superior Court Case No.: 17CV312734

I am employed in the County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is **Parker Ibrahim & Berg LLC, 695 Town Center Drive, 16th Floor, Costa Mesa, California 92626**.

On November 6, 2017, I served the foregoing document described as **DEFENDANT JPMORGAN CHASE BANK, N.A.'S RESPONSE TO PLAINTIFFS' OBJECTION TO REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS** on the interested parties in this action.

by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

☒   **SEE ATTACHED SERVICE LIST**

☐   **BY REGULAR MAIL:** I deposited such envelope in the mail at 695 Town Center Drive, 16th Floor, Costa Mesa, California 92626. The envelope was mailed with postage thereon fully prepaid.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

**BY THE ACT OF FILING OR SERVICE, THAT THE DOCUMENT WAS PRODUCED ON PAPER PURCHASED AS RECYCLED.**

☐   **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the above addressee(s).

☒   **BY OVERNIGHT MAIL:** I deposited such documents at the Golden State Overnight or Federal Express Drop Box located at 695 Town Center Drive, 16th Floor, Costa Mesa, California 92626. The envelope was deposited with delivery fees thereon fully prepaid.

☒   **BY CM/ECF ELECTRONIC DELIVERY:** In accordance with the registered case participants and in accordance with the procedures set forth at the Court's website www.ecf.cacd.uscourts.gov

☒   (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒   (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on November 6, 2017, at Costa Mesa, California.

*/s/ Julia Hernandez*
Julia Hernandez

1
**PROOF OF SERVICE**

3178107.1

**SERVICE LIST**
*Anival Dimas v. JPMorgan Chase N.A. et al.*
U.S. District Court – Northern District of California – Case No. 5:17-cv-005205-SVK
Santa Clara Superior Court Case No.: 17CV312734

| | |
|---|---|
| Rattan Dev S. Dhaliwal | Phone: (408) 988-7722 |
| Aliah A. Abdo | Fax:    (408) 988-3345 |
| Dhaliwal Law Group, Inc. | Email: rattan@attorneydhaliwal.com |
| 2005 De La Cruz Boulevard, Suite 185 |           aabdo@attorneydhaliwal.com |
| Santa Clara, CA 95050 | |
| | *Attorneys for Plaintiffs* |
| | *Anival Dimas and Julia Z. Lopez* |

PARKER IBRAHIM & BERG LLC
COSTA MESA

2
**PROOF OF SERVICE**
3178107.1